Joyce Ann McCARTHY, a single woman,
Appellee,

v.

**PREFERRED RISK MUTUAL INSUR-
ANCE COMPANY, an Iowa corpo-
ration, Appellant.**

Joyce Ann McCARTHY, a single woman,
Appellee,

v.

**STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, an Illinois
corporation, Appellant.**

Nos. 24562, 24577.

United States Court of Appeals,
Ninth Circuit.

Jan. 6, 1972.

---

Ralph E. Hunsaker (argued), of O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, Phoenix, Ariz., for State Farm Mutual Automobile Ins. Co.

Theodore A. Julian (argued), of Pain & Julian, Phoenix, Ariz., Sidney S. Pearce, Jr., of Mehrens & Pearce, Phoenix, Ariz., for Preferred Risk.

Leroy W. Hofmann (argued), Kenneth S. Scoville, Phoenix, Ariz., for appellee.

Before HAMLEY and WRIGHT, Circuit Judges, and KELLEHER, District Judge *.

HAMLEY, Circuit Judge:

Joyce Ann McCarthy brought this diversity action against Preferred Risk Mutual Insurance Company (Preferred), and State Farm Mutual Automobile Insurance Company (State Farm) for a declaratory judgment determining that she is entitled to claimed benefits under policies of insurance issued by defendants and for an award of such policy proceeds. The court granted plaintiff's motion for summary judgment and entered a declaratory judgment up to the amount of ten thousand dollars against each defendant under the uninsured motorist coverage of the respective policies.[1] Defendants appeal.

Prior to July 19, 1967, Miss McCarthy purchased from each of the defendant insurance companies a policy of automobile liability insurance covering operation of her automobile. Pursuant to Ariz.Rev.Stat. (A.R.S. §§ 20–259.01 (Supp.1971), and 28–1142, subsec. C (Supp.1971), each policy contained an uninsured motorist clause providing coverage in the amount of ten thousand dollars.[2] Each policy also contained an "other insurance" clause, quoted in the margin.[3]

On July 19, 1967, Miss McCarthy, while driving her automobile was involved in an automobile collision resulting in injuries to herself, which injuries were alleged to have caused damages in the sum of one hundred thousand dollars. The collision was allegedly caused by the negligent operation of a pickup truck owned by James McIntosh and being driven by Edward L. Lippot, an uninsured motorist.

Miss McCarthy claimed ten thousand dollars from each of the defendants under the uninsured motorist clauses of the respective policies. The companies, however, took the position that, in view of the "other insurance" clauses in the two policies, they were each obligated to pay only five thousand dollars under the uninsured motorist clauses. Miss McCarthy then brought this suit to collect the full ten thousand dollars from each defendant.

In its summary judgment, the district court determined that the ten thousand dollars coverage of each policy under the uninsured motorist clause should not be reduced because of the "other insurance" clauses. On this appeal defendants argue, in essence, that the Uninsured Motorist Law of Arizona is designed to require that a motorist injured by a financially irresponsible driver will have a minimum fund of ten thousand dollars available; that unless the "other insurance" clauses of the two policies are given effect, plaintiff will receive twice that amount and thus "thwart express legislative intent and recover amounts in excess of required statutory limits, where their contract provides for coverage in the minimum amounts only."

* The Honorable Robert J. Kelleher, United States District Judge for the Central District of California, sitting by designation.

1. The declaratory judgment also determined that plaintiff is entitled to medical payment coverage up to the amount of one thousand dollars on each policy.

2. Under Arizona law, a motorist is not compelled to carry uninsured motorist protection, but he is encouraged to do so by the statute which requires that an insured must affirmatively reject such coverage if he does not desire it. Transportation Insurance Company v. Wade, 106 Ariz. 269, 475 P.2d 253, 256 (1970).

3. "Except as provided in the foregoing paragraph, if the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable for a greater proportion of any loss to which this coverage 'U'[uninsured motorist] applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance."

Plaintiff, on the other hand, asserts, in effect, that the Uninsured Motorist Law does not set a maximum on such coverage, but only a ten thousand dollar minimum. Thus, argues plaintiff, when a motorist buys and pays for two policies each containing ten thousand dollars coverage under the uninsured motorist clause, any attempt to reduce that coverage through application of the "other insurance" clauses is invalid.

We cannot accept the theory of either the defendants or plaintiff. There is no statutory policy in Arizona which would be "thwarted" by uninsured motorist coverage in excess of ten thousand dollars. The limits of coverage under that clause, as provided for in the applicable Arizona statute, is "not less than ten thousand dollars" because of bodily injury to or death of one person in any one accident. It would not offend that statute if the insured and insurer agreed upon coverage in excess of that amount.

On the other hand, plaintiff is in error in asserting that she contracted with the two insurance companies for uninsured motorist coverage in excess of ten thousand dollars. While each of her policies individually specified coverage of ten thousand dollars under the uninsured motorist clause, both contained "other insurance" clauses the effect of which, in this case, was to reduce the obligation of each company to five thousand dollars under that clause. Since this reduction in coverage still provided plaintiff with the statutory minimum of ten thousand dollars for anyone desiring such coverage, the "other insurance" clauses were valid under Arizona law.

While the parties cite many Arizona decisions in support of their respective positions, we think Transportation Insurance Company v. Wade, 106 Ariz. 269, 475 P.2d 253 (1970), decided after the opening, answering and reply briefs were filed in this court, is the closest in point and controls the disposition of this diversity case.

In *Wade*, Leonard Aubuchon was killed in an automobile collision while he was riding as a passenger in an automobile owned by him but driven by his brother Norman Aubuchon. The driver of the other automobile was an uninsured motorist. At the time of the accident, Leonard had a policy of automobile liability insurance, issued by Farmer's Insurance Exchange, which provided uninsured motorist coverage in the amount of ten thousand dollars. Leonard's administrator made claim against that insurance company for the full amount of that coverage, and this claim was paid.

At the time of the collision, Norman Aubuchon, driver of Leonard's automobile, also had a policy of automobile liability insurance issued by Transportation Insurance Company. That policy also contained uninsured motorist coverage. Under Part IV of Norman's policy, decedent Leonard Aubuchon was an insured. Leonard's administrator, claiming that damages resulting from the accident exceeded ten thousand dollars, made claim against Transportation Insurance Company for the full amount of the uninsured motorist coverage under Norman's policy. Norman's policy contained an "other insurance" clause.

Since the administrator had already been paid ten thousand dollars under the uninsured motorist clause of Leonard's policy, Transportation Insurance Company declined to pay more, invoking the "other insurance" clause of its own policy. The Arizona Superior Court held that the uninsured motorist coverage of Transportation Insurance Company's policy was available to Leonard's administrator. The Arizona Supreme Court reversed.

In *Wade,* the Arizona Supreme Court construed the minimum coverage provided for by A.R.S. §§ 20–259.01 and 28–1142, subsec. C as representing legislative policy as to the minimum coverage required for any motorist who, under applicable policies, is entitled to uninsured motorist protection. Specifically,

the court stated that the minimum insurance amounts of 10/20/5 in the Financial Responsibility Act (A.R.S. § 28–1142, subsec. C), which is made applicable to uninsured motorist coverage by A.R.S. § 20–259.01, " . . . is a good indicia [sic] that the Legislature intended to confine its legislative concept of public policy to these stated amounts." 475 P.2d at 257. The *Wade* decision continues:

"The public policy as expressed in the statute has been satisfied [by the ten thousand dollars administrator Wade received under the uninsured motorist clause of the Farmer's Insurance Exchange policy] and any 'excess-escape clauses' applying to superfluous amounts of coverage fall in the area of contract law between the insuring parties and not in the realm of public interest." 475 P.2d at 257.

Applying that principle in the case before us, since the Arizona statute does not require that uninsured motorist coverage exceed ten thousand dollars for one person in one accident, the parties were free to restrict such coverage to ten thousand dollars. This they did through application of the "other insurance" clauses in the two policies.

Plaintiff calls attention to the fact that in *Wade*, unlike our case, the decedent had only paid for ten thousand dollars of uninsured motorist coverage, the additional such coverage being under the policy of his brother. It is true that, in *Wade,* the Arizona Supreme Court called attention to the fact that the decedent had purchased only ten thousand dollars worth of uninsured motorist coverage. Said the court, "he bought no more and he received the full measure of such coverage." 475 P.2d at 256. The court also noted that while decedent's brother

paid premiums on the policy which the administrator sought to reach, " . . . he did so for his own protection and for the protection of 'other insureds' where such individuals would not otherwise have the benefit of available funds within the statutory financial limits." *Id.*

We are persuaded, however, that the result would have been the same in *Wade* even if the second uninsured motorist clause had, as in our case, been in a policy purchased by the injured party, providing both policies contained "other insurance" clauses. The controlling rationale in *Wade* rests upon the construction the court there placed upon the legislative policy expressed in the Uninsured Motorist Act, namely to provide each person entitled to protection under one or more uninsured motorist clauses minimum coverage of ten thousand dollars, and leaving any additional such coverage to be fixed by contract between the parties.

■ Accordingly, the summary judgment is erroneous insofar as it precludes application of the "other insurance" clauses of the two policies and thus provides an award in excess of ten thousand dollars under the uninsured motorist clause. The district court correctly determined that payments made under the medical payment coverage should not be deducted from payments made under the uninsured motorist coverage, and this determination should be preserved in the revised judgment to be entered. *See* Bacchus v. Farmers Insurance Group Exchange, 106 Ariz. 280, 475 P.2d 264 (1970).

Reversed and remanded for further proceedings consistent with this opinion. The parties shall bear their respective costs on appeal.